# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS ANDERSON,<br><br>                              Petitioner,<br><br>                    v.<br><br>JUDGE FOSTER, et al.,<br><br>                             Respondents. | Civil No.   11cv0661-MMA (CAB)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

### **APPLICATION TO PROCEED IN FORMA PAUPERIS**

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

### **FAILURE TO NAME A PROPER RESPONDENT**

The Petition is subject to dismissal, however, because Petitioner has failed to name a proper Respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996)

(citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has named several Judges as Respondents. A writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, although Petitioner's allegations are not entirely clear, it appears that he has failed to allege that his state court conviction or sentence violates the Constitution of the United States, or that he is otherwise in custody in violation of federal law.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.

1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner appears to claim that his personal property has been taken in violation of the federal Constitution. (See Pet. at 11-28.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Rather, although not entirely clear, Petitioner appears to be alleging that his personal property was taken without due process of law.

Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

Preiser left open the possibility of assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue. See Preiser, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") The allegations of the taking of personal property as apparently alleged in the instant Petition are not the type of "additional and unconstitutional restraints" which are distinct from conditions of confinement, and Petitioner's allegations therefore do not state a claim

cognizable on federal habeas. <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971); <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1991).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to name a proper respondent and failed to state a claim cognizable on federal habeas. Petitioner should consider whether his claims are properly brought in a civil rights complaint pursuant to 42 U.S.C. § 1983 rather than in a habeas petition. If so, Petitioner is free to file a separate civil rights complaint which will be assigned a separate civil case number.

## CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and **DISMISSES** the Petition without prejudice due to Petitioner's failure to name a proper respondent and failure to state a claim cognizable on federal habeas. The dismissal is without prejudice to Petitioner to file a First Amended Petition in which he names a proper respondent and states a claim which is cognizable on federal habeas. The dismissal is also without prejudice to Petitioner, if he wishes, to present his claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition, which will be assigned a separate civil number. To have this case reopened, Petitioner must file a First Amended Petition no later than **June 9, 2011**, in conformance with this Order. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form and a blank Southern District of California 42 U.S.C. § 1983 Civil Rights Complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: April 12, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge

Copies to: ALL PARTIES