UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS ANDERSON,<br><br>    Petitioner,<br><br>v.<br><br>JUDGE FOSTER, et al.,<br><br>    Respondents. | Civil No. 11cv0661 MMA (CAB)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

  On March 14, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis in the United States District Court for the Northern District of California. (*See* ECF No. 1.) The matter was transferred to this Court on March 30, 2011. (*See* ECF Nos. 3-6.)

  On April 12, 2011, this Court granted Petitioner's motion to proceed in forma pauperis and dismissed the petition without prejudice and with leave to amend because Petitioner had failed to name a proper Respondent and had not stated a cognizable federal claim. (*See* ECF No. 8.) Petitioner was given until June 9, 2011 to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*) On April 20, 2011, Petitioner filed a document which the Court construed as a First Amended Petition. (*See* ECF Nos. 9, 10.)

## FAILURE TO NAME A PROPER RESPONDENT

  A review of the petition reveals that Petitioner has again failed to name a proper Respondent. On federal habeas, a state prisoner must name the state officer having custody of

him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has named several Judges as Respondents. A writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, it appears that he has again failed to allege that his state court conviction or sentence violates the Constitution of the United States, or that he is otherwise in custody in violation of federal law.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

///

   court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

  Here, Petitioner appears to claim that his personal property has been taken in violation of the federal Constitution and his case was wrongly transferred to this Court. (*See* ECF No. 10 at 5-9.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner's allegations do not state a claim cognizable on federal habeas. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991).

  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to name a proper respondent and failed to state a claim cognizable on federal habeas. Petitioner should consider whether his claims are properly brought in a civil rights complaint pursuant to 42 U.S.C. § 1983 rather than in a habeas petition. If so, Petitioner is free to file a separate civil rights complaint which will be assigned a separate civil case number.

### CONCLUSION AND ORDER

  Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than June 17, 2011**, file a Second Amended Petition which cures the pleading deficiencies outlined in this Order.

///

1 | *The Clerk of Court shall send Petitioner a blank Second Amended Petition form together*
2 | *with a copy of this Order.*
3 |      **IT IS SO ORDERED.**
4 | DATED: April 26, 2011

                                                  Hon. Michael M. Anello
                                                United States District Judge