# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CORNELIUS ANDERSON, | CASE NO. 11cv661-MMA (DHB) |
|---|---|
| Petitioner, | **ORDER CONFIRMING "DO NOT FILE" STATUS AND DIRECTING CLERK OF COURT HENCEFORTH TO RETURN TO PETITIONER ALL DOCUMENTS SUBMITTED FOR FILING IN THIS ACTION** |
| vs. | |
| FOSTER, et al, | |
| Respondent. | |

On March 14, 2011, Petitioner Cornelius Anderson, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. Petitioner complained that his personal property had been confiscated in violation of his constitutional rights. The Court dismissed the petition without prejudice for failure to name a proper respondent and failure to state a cognizable federal habeas claim. *See* Doc. No. 8. The Court explained that Petitioner's claim might be brought more appropriately pursuant to 42 U.S.C. § 1983. *Id*. The Court provided Petitioner with a blank Southern District of California amended petition form and a blank Southern District of California 42 U.S.C. § 1983 Civil Rights Complaint form, and instructed Petitioner to file an amended petition if he wished to pursue his habeas action. *Id*.

On April 20, 2011, Petitioner filed a document which the Court liberally construed as an amended petition. *See* Doc. No. 10. The Court dismissed the

amended petition without prejudice for failure to name a proper respondent and failure to state a cognizable federal habeas claim. *See* Doc. No. 11. The Court advised Petitioner to consider raising his claims in the context of a civil rights action. *Id.* The Court granted Petitioner leave to file a second amended complaint on or before June 17, 2011. *Id.* Thereafter, Petitioner submitted a series of barely intelligible documents, which the Court rejected due to multiple filing discrepancies and returned to Petitioner with instructions to file a second amended complaint. *See* Doc. Nos. 12-14.

On May 18, 2011, Petitioner filed a document entitled "Affidavit" which was also largely incomprehensible. *See* Doc. No. 16. On June 22, 2011, Petitioner filed a document entitled "Response to Order Dismissing Case." *See* Doc. No. 18. Petitioner did not file a second amended petition.

On August 7, 2012, Petitioner submitted a document that referenced appointment of counsel, but was otherwise unintelligible. *See* Doc. No. 19. The Court rejected the document as discrepant on this basis and because the case had been dismissed and closed for more than a year. *Id.* In October 2012, Petitioner submitted a document that referenced a temporary restraining order; in December 2012, Petitioner submitted a document seeking a restraining order and referencing appointment of counsel; in January 2013, Petitioner submitted a document requesting appointment of counsel; in March 2013, Petitioner submitted a document with an illegible title; in April 2013, Petitioner submitted a document again seeking appointment of counsel.[1] *See* Doc. Nos. 21-25. The Court rejected all of these documents based on multiple filing discrepancies and because the case was closed. *Id.*

---

[1] The Court notes that Petitioner filed a document on January 14, 2013, which the Court liberally construed as a request for a temporary restraining order and civil rights complaint brought pursuant to 42 U.S.C. § 1983. *See* Civil Case No. 13cv117-MMA (WVG). The Court dismissed the action *sua sponte* pursuant to 28 U.S.C. § 1915(g) based on Petitioner's failure to pay the required $350 filing fee. Because Petitioner has accumulated "three strikes" under section 1915(g), he may initiate a civil rights action, but must pay the requisite filing fee pursuant to 28 U.S.C. § 1914(a).

1   On June 18, 2013, Petitioner submitted a document via U.S. Mail directly to
2   the Chief Judge of the Southern District of California. Chief Judge Moskowitz
3   issued an order acknowledging receipt of the document and advising Petitioner that
4   the document was going to be referred to the undersigned. *See* Doc. No. 26. The
5   Court rejected the document based on multiple filing discrepancies, advised
6   Petitioner that no further filings in this case would be accepted, and instructed the
7   Clerk of Court to flag the case with a "Do Not File" warning. *See* Doc. No. 27.

8   On August 6, 2013, Petitioner once again submitted a document via U.S. Mail
9   directly to Chief Judge Moskowitz, who referred the document to the undersigned
10  for consideration. *See* Doc. No. 28. The Court has reviewed Petitioner's
11  submission. Petitioner complains that the undersigned has "racially profiled" him,
12  committed "horrifying" violations of his rights, and "crucified" his petition.
13  Petitioner again requests appointment of counsel. Although Petitioner's intent is
14  unclear, if Petitioner is attempting to file a complaint of judicial misconduct against
15  the undersigned, the Court advises Petitioner that such a complaint must be
16  submitted directly to the Ninth Circuit Court of Appeals, *not* the Chief Judge of this
17  District. *See* 28 U.S.C. § 351 (complaints are to be filed with "the clerk of the court
18  of appeals for the *circuit*.") (emphasis added). Therefore, direct submission of these
19  documents to Judge Moskowitz is wholly inappropriate.[2]

20  Accordingly, the Court rejects the document for filing based on the standing
21  order of this Court that no further filings in this action will be accepted. Sound
22  public policy requires that, at some point, litigation must come to an end. *See, e.g.,*
23  *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002). In this case, the

---

[2] Petitioner should note that cognizable misconduct does *not* include "an allegation that is directly related to the merits of a decision or procedural ruling. . . If the decision or ruling is alleged to be the result of an improper motive, e.g., a bribe, ex parte contact, racial or ethnic bias, or improper conduct in rendering a decision or ruling, such as personally derogatory remarks irrelevant to the issues, the complaint is not cognizable to the extent that it attacks the merits." *See* USCS Jud. Con. and Disab. Proc. § 3. Thus, any claim of judicial misconduct based on merits of the Court's order dismissing this action will not be cognizable.

litigation ended more than two years ago when Petitioner failed to submit a petition containing a cognizable federal habeas claim.

**The Clerk of Court is hereby directed henceforth to return to Petitioner any document(s) submitted for filing in this action.**

**IT IS SO ORDERED**.

DATED: August 8, 2013

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge